## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD SADDLER, JR. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO.: 16-1301 |
| | : | |
| PENNSBURY RACQUET & | : | |
| ATHLETIC CLUB LLC | : | |
| d/b/a Pennsbury Racquet Club | : | |
| and | : | |
| BRADLEY S. WERNER | : | |
| c/o Pennsbury Racquet & Athletic Club LLC: | | |
| | : | |
| Defendants. | : | |
| | : | |

## <u>ORDER</u>

On this _____ day of _____, 2016 it is hereby ORDERED and DECREED that, based upon the Motion to Extend the Discovery Deadline and to Compel Depositions, the deadline for discovery in this matter is hereby extended for any additional thirty (30) days from the date of this Order, with all other deadlines extended accordingly. Further, by no later than five (5) days from the date of this Order, Defendants' Counsel is hereby compelled to produce a list of available dates over the next thirty (30) days for the depositions of Defendants' witnesses, whom Defendants' shall hereby be Ordered to produce on the dates agreed to by the Parties.

_____
The Hon. Mark A. Kearney, U.S.D.J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RICHARD SADDLER, JR. | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :   CIVIL ACTION NO.: 16-1301 |
| | : |
| PENNSBURY RACQUET & | : |
| ATHLETIC CLUB LLC | : |
| d/b/a Pennsbury Racquet Club | : |
| and | : |
| BRADLEY S. WERNER | : |
| c/o Pennsbury Racquet & Athletic Club LLC: | |
| | : |
| Defendants. | : |
| | : |

**MOTION TO EXTEND DISCOVERY AND ALL OTHER DEADLINES BY THIRTY**
**(30) DAYS AND TO COMPEL DEPOSITIONS**

Plaintiff, by and through his undersigned counsel, hereby files the instant Motion to Extend

Discovery and to Compel Depositions. The facts and law in support of Plaintiff's Motion is as

follows[1]:

**I.    Background Regarding Deadlines.**

On March 22, 2016, Plaintiff filed a Complaint alleging violations by Defendants of the

Fair Labor Standards Act ("FLSA - 29 U.S.C. § 201 *et. seq*.) and applicable state law(s) for unpaid

wages and overtime.  *See* Docket Entry No.: 1.

On June 13, 2016, following a Rule 16 conference, a Scheduling Order was filed outlining

numerous deadlines to be followed by the parties in this matter. *See* Docket Entry No. 11. Among

these deadlines were for Defendants to produce its mandatory Rule 26 disclosures by June 16,

2016, for Defendants to produce all wage and hour time sheets and records related to Plaintiff by

---

[1] Plaintiff files the instant motion without an attached memorandum and without numbered paragraphs pursuant to Your Honor's Policies and Procedures at Section II(E) and III(A).

June 23, 2016, for Defendants to provide a detailed written response to Plaintiff's Demand by July 7, 2016, for discovery to be completed by August 5, 2016 (a period of 53 days from the date of the conference), and for summary judgment motions to be filed by August 18, 2016. *Id.*

A settlement conference was further scheduled by Judge Heffley to take place on July 19, 2016. *See* Docket Entry No. 13.

## II. Defendants' General Non-Responsiveness and Failure to Produce Court Ordered Documentation in a Timely Manner

Defendants have been highly non-responsive regarding discovery obligations in this matter and have blown past a number of deadlines imposed by the Federal Rules of Civil Procedure, as well as by this Honorable Court in its Scheduling Order filed on June 13, 2016. Plaintiff outlines Defendants' non-responsiveness and lack of conformance with deadlines in attempt to show cause why his request for a discovery extension should be granted.[2]

As noted above, this Honorable Court Ordered Defendants to meet three deadlines early on in Discovery: To produce Rule 26 disclosures, all wage and hour time sheets related to Plaintiff (as Plaintiff's Counsel disclosed the existence of handwritten timesheets turned into management throughout his employment at the Rule 16 conference, which were possessed solely by Defendants), as well as a detailed written response to Plaintiff's demand.

Despite that Your Honor's Policies and Procedures Order that the parties make Rule 26 disclosures within seven (7) days after the date of the Order scheduling a Rule 16 conference, Defendants had not provided the same even by the date of the conference. As a result, following the conference, Defendants' were Ordered to produce their disclosures by June 16, 2016. In direct

---

[2] Although Defendants have exhibited non-responsiveness since the inception of this case, including a late filing of Defendants' Answer (upon prompting by Plaintiff's Counsel), a delay in confirming the Rule 16 Joint Report proposed by Plaintiff (causing the same to be submitted a day late), and in formulating stipulated facts as Ordered by the Court, Plaintiff does not detail these occurrences in the body of this motion as they did not cause the instant need for an extension; they do, however, evidence a pattern of Defendants' dilatory methods throughout this litigation.

violation of this Order, however, Defendant's did not produce their Rule 26 disclosures by the date required. Instead, Plaintiff's Counsel had to request these disclosures on two separate occasions noting Defendants' violations of Your Honor's Order, on June 17, 2016 and June 23, 2016, before the disclosures were finally provided. *See* Email Correspondence Re: Disclosures and Wage Records, attached hereto as "Exhibit A."

In addition to initial disclosures, Defendants were also required to provide all of Plaintiff's wage records by no later than June 23, 2016. Rather than providing the handwritten timecards which Plaintiff's Counsel informed Defendants would affirmatively represent the amount of overtime Plaintiff worked during his employment, however, Defendants solely provided twelve (12) earnings records, which only indicated the amount Plaintiff was paid during the time in question (this was of little benefit to Plaintiff, as he was in large part paid by a flat rate, and his actually earnings could easily be estimated). *Id*. Defense Counsel claimed at this time that it was "unable to find" the handwritten time records that had been sought by Plaintiff since the inception of the case. Exhibit A. Following Defendants' representation, Plaintiff's counsel expressed his surprise that Defendants could not locate such documentation given Defendants' legal obligations to maintain the same and the ease at which they should be located for the 10-month period from 2015 that was in question. *Id*.

On June 27, 2016, Plaintiff updated his prior demand as required by the Scheduling Order, reaffirming his prior demand based on Defendants' failure to provide the requested documentation. *Id*. Although Defendants were Ordered to provide a detailed written response to Plaintiff's demand by July 7, 2016, Defendants did not do so, and have not provided the same to date (despite that Plaintiff has pointed the same out to Defendants on a number of occasions).

Plaintiff served his First Set of Discovery Requests on Defendants on June 3, 2016. On July 15, 2016, after unsuccessfully attempting to obtain Discovery Responses from Defendants without Court intervention, Plaintiff was forced to file a Motion to Compel the same. *See* Docket Entry No. 16; See Email Correspondence Re: Discovery Responses, attached hereto as "Exhibit B." On July 18, 2016, an Order was filed compelling Defendants to provide responses by no later than July 20, 2016. *Id.*

On July 19, 2016, at the settlement conference before the Honorable Judge Heffley, Defendants brought with them the handwritten wage records that Plaintiff had been requesting since the inception of litigation, which *still* had not been provided to Plaintiff. At this conference, despite that no response had been provided to Plaintiff's written settlement demands and no indication had been given regarding a lack of intent to engage in settlement discussions at the conference, Defendants took a no-pay position. *See* Email Correspondence Re: Wage Records, Knowledge of Witnesses and Depositions, attached hereto as "Exhibit C." [3] At the close of this conference, it was suggested by Judge Heffley that the parties consider taking Plaintiff's deposition and reconvening for a continued conference so as to conserve costs.

On July 20, 2016, Defendants finally provided responses to Plaintiff's discovery requests, which included the handwritten time sheets that Plaintiff had been seeking (approximately two weeks from the close of discovery).  Exhibit C.

The Undersigned Counsel, who is the lead attorney in this matter for Plaintiff, was out of the country on vacation at the time of the settlement conference and Defendants' discovery production. In an attempt to conserve costs, following the conference, Plaintiff's co-counsel agreed

---

[3] Plaintiff apologizes for bogging this Honorable Court down with a number of emails between the parties in this matter, but feels that the same are necessary to set forth the true nature of the attempts made by Plaintiff to litigate this case in an efficient manner and Defendants' failure to cooperate.

to postpone the depositions that had been scheduled for Defendants' witnesses until after a continued settlement conference. Exhibit C. Once the Undersigned Counsel returned from vacation and was notified of what had transpired in the recent days, however, on July 29, 2016, he notified Defendants that he did not believe it to be within his clients' best interests to further delay the matter and potentially waste time, costs, and fees of the parties and Court attending a continued settlement conference prior to completing depositions based on the settlement position of Defendants. *Id*. Further, the Undersigned Counsel understood that such an agreement would likely be difficult to fit within the confines of the litigation deadlines set in the Initial Scheduling Order.

In correspondence to Defendants', Plaintiff's Counsel noted Plaintiff's position, requested Defendants' availability for depositions of witnesses (noting Plaintiff's availability for depositions of both Plaintiff and Defense Witnesses), and asked for notification if Defendants changed the no-pay position they had taken to that point given the relatively low claim for back wages in the case. *Id*. Counsel further requested the bases of knowledge for seven (7) individuals that were recently named for the first time in Defendants' Interrogatory Responses (not in their Initial Disclosures), who Defendants' claimed "have knowledge regarding the hours which the Plaintiff worked, the hours which the Plaintiff was not working, and his job performance." No further information was provided for these individuals to allow Plaintiff to make a determination whether their depositions would be necessary, and Defendants alleged that each of the listed individuals were a part of Defendants' litigation control group.

Since this time, Defense Counsel has refused to provide any deposition dates or updated statements of knowledge of its witnesses sufficient to allow Plaintiff to determine whether they maintain information that is truly material to this action. Exhibit C. Plaintiff requested Defendants' availability for depositions on July 29, August 3, August 5, and August 9. *Id*. In these requests,

Plaintiff specifically noted the deadlines that were set in the Initial Scheduling, which cannot be moved absent leave of Court. *Id.* Rather than providing dates for depositions, Defendants' Counsel simply deflected Plaintiff's requests rather than responding, alleging for the first time that Plaintiff's discovery responses were deficient (the same were not even due for production until July 29 and were not deficient), and arguing that Plaintiff was somehow obligated to first wait for Defendants to take Plaintiff's deposition (despite that a date had been provided for the same and never responded to) and a continued settlement conference with Judge Heffley (although the same was not Ordered and no attempts were made to schedule the same or to extend the deadlines set in the Initial Scheduling Order). *Id.*

Although Plaintiff was initially going to seek a discovery extension on August 5, 2016, the last day of fact discovery, Plaintiff decided to make another attempt to complete discovery before the dispositive motion deadline based on Defendants' agreement to extend the discovery deadline pursuant to Your Honor's Scheduling Order. *Id.* As a result, Plaintiff served deposition notices for all potentially relevant witnesses named by Defendants for August 10th and 11th. *Id.* Defendants again did not respond to these notices until August 9, 2016, when Plaintiff asked for confirmation of the same, with Defendants noting that they were not available on the dates requested. *Id.* Plaintiff again attempted to obtain available dates from Defendants within the time remaining prior to the dispositive motion deadline, but Defendants have again not provided any response. *Id.*

## III.   Relevant Case Law

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" Rule 37(a) further provides that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a). Rule 30 provides that "[a] party may, by oral questions, depose any person, including a

party . . . The deponent's attendance may be compelled by subpoena under Rule 45." Fed. R. Civ.

P 30(a)(1).

## IV.    Plaintiff's prayer for relief

As evidenced above, Plaintiff has made countless attempts to complete discovery without

seeking an extension of deadlines, but has been unable due to Defendants' non-responsiveness,

failure to timely produce documentation, refusal to provide witnesses for depositions, and overall

lack of cooperation. As a result, Plaintiff respectfully requests that Defendants be required to

produce their witnesses for depositions in this matter, as they have no legal bases for withholding

the same. Plaintiff further requests a brief thirty (30) day extension of the remaining deadlines in

this matter so that Plaintiff may take the depositions of Defendants' witnesses and have sufficient

time to file a motion for summary judgment thereafter.

No requests for extensions have been made in this matter and Defendants have consented

to a formal extension of the discovery deadline. Exhibit C. Plaintiff anticipates that only two (2)

days will be required for the depositions he intends to take, as it is presumed that the majority of

Defendants' proposed individuals "with knowledge" do not truly possess information material to

this action.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

*/s/ Timothy S. Seiler*
Timothy S. Seiler, Esq.
Two Greenwood Square
3331 Street Road, Suite 128
Bensalem, PA 19020
(215) 639-0801 Phone
(215) 639-4970 Fax

Dated:  August 10, 2016

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RICHARD SADDLER, JR. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO.: 16-1301 |
| | : | |
| PENNSBURY RACQUET & | : | |
| ATHLETIC CLUB LLC | : | |
| d/b/a Pennsbury Racquet Club | : | |
| and | : | |
| BRADLEY S. WERNER | : | |
| c/o Pennsbury Racquet & Athletic Club LLC | : | |
| | : | |
| Defendants. | : | |
| | : | |

## CERTIFICATE OF SERVICE

I certify, on the date set forth below, that I served Defendants with Plaintiff's Motion to

Compel and Extend Discovery via electronic filing to the following counsel of record:

Steven D. Janel, Esq.
Law Offices of Steven D. Janel
215 W. Bridge St.
P.O. Box 967
Morrisville, PA 19067
attorneyjanel@comcast.net

**KARPF, KARPF & CERUTTI, P.C.**

By: */s Timothy S. Seiler*
Timothy S. Seiler, Esq.

Dated:  August 10, 2016