## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD SADDLER, JR.** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | **NO. 16-1301** |
| | : | |
| **v.** | : | |
| | : | |
| **PENNSBURY RACQUET & ATHLETIC** | : | |
| **CLUB LLC,** *et al* | : | |
| Defendants | : | |

**KEARNEY, J.**                                                                    **November 30, 2016**

### MEMORANDUM

Experienced volunteer lawyers assist the parties and the Court in arbitrating cases with a monetary value less than $150,000. As with District Courts, the arbitration panels must follow the Law and, under arbitration guidelines, the panels may only enter an award for damages under the governing law but not consider attorney's fees and costs. Today we address an arbitration panel demanded by the employer defendant which awarded overtime and minimum wages to an employee but, consistent with the limit of their authority, confirmed they could not award attorney's fees or costs mandated by the Federal Labor Standards Act. When the employee properly petitioned this Court for the mandated fees and costs as a prevailed party, the employer argues we cannot consider this petition because our arbitration panel specifically found no basis for fees.

We disagree with the employer. The panel lacked authority to address attorney's fees and costs under the FLSA. Neither the panel nor this Court can, as a matter of law, deny reasonable attorney's fees and costs to successful employees on a FLSA claim or a Pennsylvania

Wage Payment Collection Law claim.  The panel's comment consistent with its inability to award fees and costs cannot be read to abrogate federal law.  We grant Mr. Saddler's Petition for attorneys' fees & costs with some limited deductions in the accompanying Order.

## I.    Facts

In January 2012, Pennsbury Racquet & Athletic Club ("Athletic Club") hired Richard Saddler, Jr. as a part time tennis teacher and receptionist.[1] Athletic Club then offered, and Mr. Saddler accepted, a position as a maintenance worker.[2]  Mr. Saddler usually worked from 3:00 A.M. to 9:00 A.M. every day and Athletic Club required he otherwise be on call as needed.[3] Mr. Saddler regularly worked weekends and normally accrued between two and ten hours of overtime pay per week.[4] Athletic Club paid Mr. Saddler "approximately $500 per week regardless of how many hours he worked."[5]

In March 2016, Mr. Saddler sued Athletic Club and its owner alleging violations of the Fair Labor Standards Act, Pennsylvania Wage Payment Collection Law and Pennsylvania's Minimum Wage Act.[6]  Mr. Saddler alleged, as a non-exempt employee, Athletic Club failed to pay him 1.5 times salary in required overtime pay for work in excess of 40 hours a week.[7]

After discovery disputes and our grant of Defendant's motion to compel arbitration,  Mr. Saddler and Athletic Club presented evidence at a court ordered arbitration.[8]  After a one-day hearing, the arbitration panel awarded: "Plaintiff is awarded $1,810.91. No attorneys' fees or costs awarded. Parties to bear their own attorneys' fees and costs."[9]

## II.    Analysis

Each of Mr. Saddler's claims provides for fee shifting, with the FLSA and Wage Payment claim mandating reimbursement of fees and costs for prevailing employees. Mr. Saddler timely filed a Petition for attorneys' fees and costs and Athletic Club responded.[10]

Athletic Club argues Mr. Saddler is not entitled to reasonable attorneys' fees and costs because the Panel specifically denied them in their October 19, 2016 award.   Athletic Club concedes the Panel award addressed Mr. Saddler's FLSA claim, and argues only the Panel's unappealed Order overrules federal law and we lack the ability to award fees mandated by the FLSA.

### A. Reasonable attorneys' fees and costs are statutorily mandated and an arbitration panel lacks authority to deny them to a prevailing employee.

Under the FLSA, an award of reasonable attorneys' fees to a prevailing plaintiff is mandatory and unequivocal: "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.[11] Further, Rule 54 of the Federal Rules of Civil Procedure requires a petition for fees and other reasonable costs "be filed no later than 14 days after the entry of judgment."[12] Mr. Saddler is the prevailing party and he timely petitioned for attorney's fees.[13]

Before characterizing the Panel's decision as error,  we must be mindful of limits on our arbitration panel. Our District Clerk's Procedural Handbook, a supplement to the Local Rules of Civil Procedure,  provides "[i]mmediately after the hearing, the arbitrators make a simple award, e.g., 'Award in favor of defendant' or 'Award in favor of plaintiff' in the amount of $ XXX against (naming one or more defendants). Arbitrators are instructed they should not file findings of fact, conclusions of law, nor opinions of any kind."[14]

We cannot stretch the Panel's comments as abrogating Congressional intent and case law mandating reasonable attorneys' fees and costs to prevailing FLSA plaintiffs   The Panel cannot modify an act of Congress during or after the course of a court ordered arbitration. In *Griffin v. Leaseway Deliveries, Inc.*, the plaintiff's "[litigation] was resolved in court-annexed arbitration

with an award to plaintiff of overtime pay and liquidated damages totaling $17,467.20."[15] Awarding attorneys' fees to the plaintiff, the court held "[i]n this district, only the court and not the arbitrators may determine an appropriate fee award."[16]

When an FLSA case proceeds to arbitration, "[i]t is undisputed that plaintiffs prevailing under the FLSA are awarded both attorneys' fees and the cost of the action, even in arbitration.[17] Our Court of Appeals in *Quilloin v. Tenet Health System Philadelphia, Inc.* held contractual provisions limiting the award of attorneys' fees to be unconscionable in certain circumstances: "[p]rovisions requiring parties to be responsible for their own expenses, including attorneys' fees, are generally unconscionable because restrictions on attorneys' fees conflict with federal statutes providing fee-shifting as a remedy."[18]

Just as litigants cannot contractually bargain away reasonable fees where the award is set by statute, the Panel could not unilaterally alter congressional intent in FLSA cases.[19] Upon prevailing as the plaintiff, it is undisputed Mr. Saddler is entitled to an award of attorneys' fees and costs.

Athletic Club argues Mr. Saddler's Petition is an improper attempt to "overrule" or "reverse" the arbitration panel citing *Haug v. Toyota Motor Sales, USA, Inc.*[20] In *Haug*, an arbitration panel awarded $3,000.[21] "After the 30 day period expired [to file for trial *de novo*], the Clerk . . . entered a $3,000 judgment in favor of plaintiff and against the defendant.[22] Shortly thereafter, "plaintiff filed [a] . . . motion for enhancement of damages. Specifically, plaintiff sought to treble the damage award pursuant to § 201–9.2 of the Pennsylvania Unfair Trade Practices Law."[23] Plaintiff argued defendant's behavior constituted "outrageous" conduct, which warranted an enhancement of the $3,000 award.[24] Denying plaintiff's request, the court held "we can think of no reason why the enhancement of damages . . . should be treated any

4

differently than other questions that arbitrators customarily decide in a case."[25]   Further, in noting a litigant's right to file for trial *de novo* ". . . a party does not waive its right to have the district court re-try the case and rule on issues appropriately assigned to it under a state statute."[26]

We find *Haug* distinguishable and Athletic Club's argument unpersuasive. Unlike the FLSA, an award of attorneys' fees and costs under Pennsylvania's unfair trade practices act is discretionary, and not mandated by federal statute: "[t]he court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees."[27]   The arbitration panel in *Haug* made a determination, well within their discretion, to deny trebling damages beyond the $3,000 award.

Unlike the plaintiff in *Haug*, Mr. Saddler does not ask this Court to enhance or award discretionary damages denied to him by the Panel, or argue the Panel's award was improper.[28] He petitions for his statutory right to the reasonable attorneys' fees and costs as the prevailing party in a FLSA case.   Consistent with its restricted mandate to address only the wage award, we cannot read the Panel's comments consistent with their mandate as ignoring federal law.[29]

### B.  Mr. Saddler is entitled to $40,701.28 in reasonable attorneys' fees and costs.

We exercise discretion as to the reasonableness of a prevailing party's attorneys' fees and costs.[30]   Under the FLSA, our Court of Appeals uses the lodestar formula to determine the reasonable fees and costs.[31] The lodestar formula requires us to multiply the number of hours spent working on the case by a reasonable hourly fee.[32] There is no dispute Mr. Saddler is the prevailing party.   Athletic Club makes no argument opposing the reasonableness of the fees or costs.[33]

5

### 1. **The hourly rates charged are reasonable.**

We review the hourly rate charged by "assess[ing] the experience and skill of the prevailing party's attorneys," and determining if those fees are consistent with rates in the same geographic location for similar legal work.[34] Further, Mr. Saddler bears the burden of "producing sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered. . ."[35]

Reviewing the Petition, three attorneys, Ari R. Karpf, Timothy S. Seiler, and Jonathan W. Chase billed a total 152.2 hours on Mr. Saddler's case.[36] Mr. Karpf's billing rate is $375.00 per hour, Mr. Seiler's billing rate is $250.00 per hour, and Mr. Chase's billing rate is $250.00 per hour. In support of the hourly rates charged, Mr. Saddler's counsel submits certifications of their personal qualifications and experience, and affidavits from numerous attorneys familiar with billing rates for employment cases in the Philadelphia area. Considering the current, prevailing market rate, experience of counsel, and the documents submitted, we find the hourly rates charged to be reasonable. Further, given the evidence presented, we find the demonstrated costs expended in relation to various filing, copying, and deposition expenditures to be reasonable given the nature and length of the litigation.[37]

### 2. **We reduce the total number of hours billed by 0.5, which are otherwise reasonable.**

To determine whether the number of hours billed to a client is reasonable, we "should review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'"[38] Hours may be stricken or excluded when the evidence presented by

6

the plaintiff "inadequately documents the hours claimed."[39]  We exercise "substantial discretion in determining what constitutes . . . reasonable hours."[40]

In reviewing the Petition and evidence presented, Mr. Saddler's attorneys billed a total of 152.2 hours. On October 12, 2016, Mr. Seiler billed 0.1 hour for an "Email to Client."[41] Then, on October 13 and 14, Mr. Seiler billed a total of 0.4 hours for an "Email exchange with client."[42] Unlike every other entry, counsel neglected to describe the subject of these communications. When asking for reimbursement, counsel must describe the subject so a court can evaluate whether the work effort involved this case or some other matter. We find these three total entries to be vague and imprecise, and do not allow this Court to determine their relevancy to the litigation. As a result, we reduce the total time billed by 0.5 hours, bringing the total amount of reasonable time billed to 151.7 hours. This reduces the total amount of attorneys' fees to $38,137.50, a reduction of $125.

## III.    Conclusion

We grant Mr. Saddler's Petition in the accompanying Order. Mr. Saddler is awarded $38,137.50 in statutory attorneys' fees and $2,563.78 in statutory costs. Mr. Saddler is further awarded $1,810.91 in wages consistent with the arbitration panel award. An appropriate order follows.

---

[1] ECF Doc. No. 1 ¶¶ 11,12.

[2] *Id.* at ¶ 15.

[3] *Id.* at ¶¶ 20-21.

[4] *Id.* at ¶¶ 22, 23.

[5] *Id.* at ¶ 21.

[6] ECF Doc. No. 1.

[7] *Id.* at ¶¶ 25-33.

[8] ECF Doc. No. 35.

[9] ECF Doc. No. 38-1.

[10] ECF Doc. No. 39.

[11] 29 U.S.C. § 216(b); *Christiansburg Garment Co. v. Equal Empl. Opportunity Commn.*, 434 U.S. 412, 415 (1978) ("[s]ome of these statutes make fee awards mandatory for prevailing plaintiffs"); *Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("[s]ection 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases"); *Loughner v. U. of Pittsburgh*, 260 F.3d 173, 177 (3d Cir. 2001) ("[t]he award of attorneys' fees in this case is authorized under the Fair Labor Standards Act, which provides 'a reasonable attorney's fee to be paid by the Defendant, and costs of the action' to a prevailing plaintiff").

[12] Fed. R. Civ. P. 54.

[13] *Farrar v. Hobby*, 506 U.S. 103, 109 (1992).  Mr. Saddler could have waited until fourteen days after the judgment.

[14] E.D. Pa. Clerk's Office Procedural Handbook, Appx. 2, section [14]D.

[15] No. 89-6522, 1992 WL 398381, at *2 (E.D. Pa. Dec. 31, 1992).

[16] *Id.* at *2.

[17] *Adkins v. Lab. Ready, Inc.*, 303 F.3d 496, 502 (4th Cir. 2002).

[18] 673 F.3d 221, 230–31 (3d Cir. 2012).

[19] *Spinetti v. Serv. Corp. Intern.*, 324 F.3d 212, 216 (3d Cir. 2003).

[20] 944 F. Supp. 421 (E.D. Pa. 1996).

[21] *Id.* at 421.

[22] *Id.*

[23] *Id.*

[24] *Id.* at 422.

[25] *Id.*

[26] *Id.*

[27] 73 Pa. Cons. Stat. § 201-9.2 (2016).

[28] ECF Doc. No. 38.

[29] *Kreager v. Solomon & Flanagan, P.A.,* 775 F.2d 1541, 1542 (11th Cir. 1985) ("[s]ection 216(b) of the [FLSA] makes fee awards mandatory for prevailing plaintiffs").

[30] *Hensley v. Eckerhart,* 461 U.S. 424, 437.

[31] *Loughner,* 260 F.3d at 177.

[32] *Id.*

[33] Rather than addressing these issues, Athletic Club asked only for leave to later address any potential challenge.   We deny leave.   Defendants had plenty of time to review the detailed billings.  They chose not to.   The time to oppose reasonableness is in the Opposition.  We do not piecemeal our motion practice.

[34] *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir.1990).

[35] *Smith v. Philadelphia Hous. Auth.*, 107 F.3d 223, 225 (3d Cir.1997).

[36] Jonathan W. Chase is inadvertently called "Jonathan W. Clark" in paragraph VI of the Petition.  This typographical error does not impact our findings.

[37] ECF Doc. No. 38-8.

[38] *Loughner*, 260 F.3d at 178.

[39] *Rode*, 892 F.2d at 1182-3.

[40] *Lanni v. New Jersey*, 259 F.3d 146, 149 (3d Cir.2001).

[41] ECF Doc. No. 38-7.

[42] *Id.*